HUBERT J. VAN TOL and LOIS J. VAN TOL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Van Tol v. Commissioner
Docket No. 14934-79.
United States Tax Court
T.C. Memo 1981-237; 1981 Tax Ct. Memo LEXIS 508; 41 T.C.M. (CCH) 1480; T.C.M. (RIA) 81237; May 12, 1981. William P. Van Wyke, for the petitioners. Isham B. Bradley, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $ 210 in petitioners' Federal income tax for 1977. The issues are whether petitioners are entitled to a "war tax credit" and whether damages should be awarded to the United States under section 6673. [1]
All the facts have been stipulated and are found accordingly. Petitioners, Hubert J. Van Tol and Lois J. Van Tol, husband and wife, were residents of Memphis, Tenn., when *509 they filed their petition in this case. On their 1977 joint Federal income tax return, petitioners claimed a "war tax credit" of $ 210--an amount equal to their Federal tax liability without the credit. Their action was based on sincere religious beliefs. Petitioners donated the $ 210 they did not pay as tax to two organizations, the American Friends Service Committee and the Catholic Worker, espousing beliefs similar to their own. Petitioners are not entitled to the claimed "war tax credit." Religious, moral, or ethical objections to war do not grant taxpayers an avenue to avoid paying taxes which are or might be used for war or for war preparation, regardless of the constitutional orother legal grounds they perceive as a basis for their claims. See , cert. denied ; , affg. a Memorandum Opinion of this Court, cert. denied ; , appeal dismissed (3d Cir., Sept. 17, 1980); , *510 and cases cited therein. However, we decline respondent's invitation to impose damages under section 6673. Section 6673 directs this Court to award damages, not to exceed $ 500, whenever it appears to us that proceedings have been "instituted by the taxpayer merely for delay." Respondent contends that because petitioners have previously litigated the "war tax credit" issue before this Court and because petitioners knew their claim was not allowable, the proceedings herein were instituted "merely for delay." We disagree. It is true that petitioners have been to this Court before claiming a "war tax credit"; however, their previous case was decided pursuant to section 7463 and was thus nonappealable. See sec. 7463(b). While we see no merit in petitioners' substantive arguments, it is evidence that petitioners believe they may win on appeal. Such is demonstrated by petitioners' employment of counsel in this case whereas they appeared prose in their previous case; by petitioners' excellent, albeit losing, presentation on brlief; and by petitioners' reliance on grounds different than those previously argued by them. We do not mean to imply that a taxpayer may repeatedly *511 present his "protests" in this Court without fear of section 6673 damages as long as he comes up with novel arguments each time, and we would not look favorably upon another appearance before us by petitioners on the "war tax credit" issue. However, it does not appear to us that this case was instituted "merely for delay." Cf. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩